IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, N-08328, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-127-GPM |
| | ) |
| MARK S. CARICH and JOHN EVANS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Steve Dinwiddie, who is confined in the Big Muddy River Correctional Center after having been adjudicated a Sexually Dangerous Person, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted

---

[1] Civilly committed sex offenders in Illinois are subject to the PLRA (28 U.S.C. § 1915 *et seq*). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds that dismissal pursuant to § 1915A is not appropriate at this time.

**The Complaint**

Plaintiff states that he was committed to the custody of the Illinois Department of Corrections ("IDOC") as a sexually dangerous person on April 29, 1998. Inmates being held under the Sexually Dangerous Persons ("SDP") Program are normally housed in the 4-C Wing of the Big Muddy Correctional Center ("Big Muddy") and receive treatment there under the program. Defendant Carich is the program administrator of the SDP Program at Big Muddy.

In October 2007, Defendant Carich "forced" Plaintiff out of the 4-C treatment wing, and he has been housed in the general population wing (4-B) since that time (Doc. 1, p. 1, 4). Plaintiff claims that his life is in jeopardy, and he faces imminent danger of physical injury from the general population inmates with whom he is housed. He requests an order removing him from the general population, and returning him to the 4-C wing to be housed with the other SDP inmates.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Housing Assignment/Failure to Protect**

Persons civilly committed under the Sexually Dangerous Persons Act (725 ILL. COMP. STAT. 205/0.01 *et seq*.) are deemed to be pretrial detainees, not convicted prisoners. *See Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005), *quoting Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999).

The usual rule regarding placement of inmates in a particular prison, or housing location within an institution, is that "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum*

*v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

However, Plaintiff is not an ordinary inmate serving a determinate sentence as punishment for a specific offense with the prospect of release once he has served his time.[2] He has been committed to the custody of the IDOC as a Sexually Dangerous Person, and the duration of his commitment is to be determined by the court where the SDP proceeding took place. *See* 725 ILL. COMP. STAT. 205/0.01 *et seq*. For any person confined pursuant to the SDP Act, the IDOC director "shall provide care and treatment for the person committed . . . designed to effect recovery," and the committed person is to be housed "in any facility in the Department of Corrections or portion thereof set aside for the care and treatment of sexually dangerous persons." 725 ILL. COMP. STAT. 205/8. Thus, Illinois state law governs both the housing and the treatment of persons adjudicated as sexually dangerous.

Illinois courts have recognized that under the SDP statute, it is improper for an SDP inmate to be transferred to the general population. *See People v. Whitney*, 338 N.E.2d 233, 238 (Ill. App. 1975) (citing *People v. Shiro*, 287 N.E.2d 708, 711 (Ill. 1972)). Thus, Plaintiff's removal from the SDP program wing and his placement in general population appears to be in conflict with this statutory provision. Even so, a violation of the state statute does not give rise to a constitutional claim. A federal court does not enforce state law or regulations. *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *Archie*

---

[2] Plaintiff's most recent criminal conviction was for aggravated battery, Jefferson County Case No. 97-CF-65, for which he received a seven year sentence. He has been in custody since October 17, 1997; thus he appears to have fully served those seven years. Illinois Department of Corrections Inmate Search website, http://www.idoc.state.il.us/subsections/search/default.asp, last visited Oct. 3, 2011. The Court takes judicial notice of these public records. *See Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

*v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).

However, Plaintiff's complaint also raises the claim that he has been placed in physical danger and fears for his life as a result of Defendant Carich's decision to house him among the general population inmates in Wing 4-B. Although Plaintiff does not describe specific threats or allege that he has suffered any physical injury, he has articulated a fear that he may be targeted for violence from other inmates in general population because of his status as a Sexually Dangerous Person, and states generally that he has been threatened. He also states that he complained about threats by general population inmates in writing to Defendant Evans, the warden, but never received an answer (Doc. 1, p. 2).

Corrections officials have a duty to protect pretrial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability for an injury attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.*, *quoting Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Thus, to prevail on a claim for failure to protect, Plaintiff must show that he was at risk of harm and that the Defendants knew about this risk and disregarded it. In other words, Plaintiff must show that Defendants were deliberately indifferent to his plight. *See Farmer*, 511 U.S. at 834; *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

Although no compensatory damages are available in a § 1983 action in the absence of physical injury, the Supreme Court has recognized that an inmate may seek injunctive relief to prevent future harm. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) ("a remedy for unsafe conditions need not await a tragic event"); *see also Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001). As in a claim for damages, a plaintiff seeking injunctive relief must allege both the objective and subjective

components of a claim for failure to protect outlined in *Helling* and *Farmer*. Here, Plaintiff has alleged that he has been threatened by general population inmates, and the threats appear to be based on his status as a sexually dangerous person. This allegation, at the pleadings stage, sufficiently states the objective component that Plaintiff is, and remains, at an unreasonable risk of serious harm while he is housed in the general population. As to the subjective component of deliberate indifference, Plaintiff states he has made many requests to Defendants Carich and Evans that he be transferred back to the SDP housing wing, that he informed them of the threats, and that they have failed to take steps to avert the risk to Plaintiff's safety. These allegations suffice to state a claim for failure to protect and for potential injunctive relief at this early stage of the litigation.

In order to ultimately obtain permanent injunctive relief, a party must demonstrate that (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. *Old Republic Ins. Co. v. Emp'rs Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998); *see also Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 546 n. 12 (1987).

Although Plaintiff has not stated a claim for damages for failure to protect him from inmates who pose a threat, he has raised a cognizable claim that he may be at risk of future harm. Thus, it would be inappropriate to dismiss Plaintiff's claim for injunctive relief at this stage of the litigation. Accordingly, the claim for injunctive relief against Defendants Carich and Evans shall receive further review.

**Count 2 - Treatment Under the Sexually Dangerous Persons Program**

In addition to the statutory mandate for treatment of those confined under the SDP Act, 725 ILL. COMP. STAT. 205/8, Plaintiff has the constitutional right as a civilly committed person to receive treatment during his confinement. *See Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003); *Smart v. Simonson*, 867 F.2d 429, 433 (7th Cir. 1989); *Stachulak v. Coughlin*, 364 F. Supp. 686, 687 (N.D. Ill. 1973). Plaintiff's primary complaint is that he has been wrongfully removed from the SDP "treatment wing." The complaint is less clear on the issue of whether, after his transfer, he also stopped receiving the treatment required for sexually dangerous persons. However, he does state that he made a "complaint about been remove [sic] from the treatment *program*" (emphasis added) (Doc. 1, p. 2). If his treatment has indeed been stopped, Plaintiff would have a constitutional claim for this denial.

The Court is required to give liberal construction to Plaintiff's complaint at the threshold review stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Accordingly, the claim against Defendants Carich and Evans–that Plaintiff has been unconstitutionally removed from the SDP treatment program–shall proceed for further review.

**<u>Disposition</u>**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **CARICH** and **EVANS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to

the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or

other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge