IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-127-GPM-DGW |
| ) | |
| MARK S. CARICH and JOHN EVANS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### REPORT AND RECOMMENDATIONS

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the question whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a). It is **RECOMMENDED** that the Motion for Summary Judgment filed by defendants (Doc. 23) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit; that the action be **DISMISSED**; and that the Court adopt the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

Plaintiff Steve Dinwiddie filed his complaint in the action on February 14, 2011, alleging that Defendants Mark Carich and John Evans violated his constitutional rights. Dinwiddie, who is detained in Illinois Department of Corrections (IDOC) custody as a "Sexually Dangerous

Person," explains that SDP inmates are housed on Wing 4-C of the Big Muddy River Correctional Center. He claims that Defendant Carich, the SDP treatment program administrator, transferred him to Wing 4-B, in the general population, which subjected him to a risk of harm from other inmates. He asks to be moved back to the SDP treatment wing.

Upon threshold review, the Court allowed Dinwiddie to proceed on two claims: 1) that Defendants Carich and Evans have failed to protect him from a risk of harm, and 2) Defendants improperly and unconstitutionally removed him from the SDP treatment program (Doc. 9).

Defendants Carich and Evans filed a motion for summary judgment on May 17, 2012 (Doc. 23), arguing that Plaintiff failed to exhaust his administrative remedies. Defendants claim that in the last five years (from January 2007 to May 2012) the Administrative Review Board (ARB) received only one grievance from Plaintiff. That grievance, filed in 2010, addressed Plaintiff's unanswered requests for a prison job. The grievance had nothing to do with any risk of harm associated with Plaintiff's placement outside the SDP treatment wing. Defendants filed the affidavit of Jackie Miller, chairperson of the ARB, in which she avers that the ARB has no records regarding other grievances on any subject filed by Dinwiddie from January 2007. Plaintiff did not file a response to the Defendants' Motion for Summary Judgment.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on August 20, 2012. At the hearing, Plaintiff conceded that he did not file a grievance regarding his placement, but argued that the IDOC grievance procedures do not apply to him because he is a detainee, not an inmate.

CONCLUSIONS OF LAW

*Legal Standards*

>The PLRA provides:
>
>No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. ILL. ADMIN. CODE TIT. 20, § 504.810. The grievance officer is required to advise

3

the Chief Administrative Officer (CAO) at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within 2 months of it having been filed. ILL. ADMIN. CODE TIT. 20, § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. ILL. ADMIN. CODE TIT. 20, § 504.850.

In *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir.), *cert. denied*, 543 U.S. 1015 (2004), the Seventh Circuit held that individuals detained pursuant to the Illinois Sexually Dangerous Persons Act are "prisoners" for purposes of the PLRA.[1] *Id.* at 979. Judge Easterbrook reasoned that a person held under the Illinois statute is a pretrial detainee, that is, "a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness." *Id.* Under the definition in the PLRA, detainees are prisoners because they are held in custody while "accused of" violations of criminal law. *Id.* Judge Easterbrook, in dicta, speculated that the Court might look differently at the detention of an inmate who has completed his sentence, but continues to be held under the statute based on a determination of future dangerousness. Judge Easterbrook opined that such an inmate meets the PLRA's definition of prisoner, as one who has been "sentenced for" a crime, but pointed out that other circuits have held that post-expiration detainees are not prisoners for purposes of the PLRA. *Id.*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409

---

[1] The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary programs." 28 U.S.C. § 1915(h).

F.3d 833, 836 (7th Cir. 2005). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

*Discussion*

Because Dinwiddie conceded he did not file a grievance, the Court is faced with a purely legal question. Under the precedent described above, inmates detained under the Illinois Sexually Dangerous Persons Act are "prisoners" subject to the requirements of the PLRA. As such, they must exhaust available administrative remedies prior to filing suit in a federal court. Dinwiddie is currently detained under the Act. Thus, he is a prisoner who must exhaust administrative remedies as a precursor to suit. Dinwiddie did not file a grievance about the claims raised in this lawsuit, and his suit is subject to dismissal for failure to exhaust.

The Court notes that Judge Easterbrook in the *Kalinowski* opinion did leave open the possibility that if faced with the question whether detainees held under the Act after completion of their sentences are "prisoners" under the PLRA, the Court might reach a different conclusion. Neither the Supreme Court nor the Seventh Circuit have adjudicated that question. Therefore, Judge Easterbrook's speculations are not the law as it currently stands.

## CONCLUSION

Therefore, based on all the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants (Doc. 23) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust administrative remedies prior to filing suit against; that the action be

**DISMISSED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

**DATED: August 22, 2012**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**