IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-127-GPM |
| | ) |
| MARK S. CARICH and JOHN EVANS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 29), recommending that this Court grant Defendants' motion for summary judgment and find Plaintiff failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. The Report and Recommendation was entered on August 22, 2012. No timely objections have been filed.

Plaintiff Steve Dinwiddie, an inmate in Big Muddy River Correctional Center, filed this case for failure to protect and for wrongful removal from Sexually Dangerous Persons programming (Doc. 9). Mr. Dinwiddie's claims survived threshold review, and Defendants moved for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Doc. 23). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion (Doc. 28). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court. The Report and Recommendation accurately states the nature of the evidence presented by

both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Mr. Dinwiddie conceded that he did not file a grievance–he therefore did not fully exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 29) and **GRANTS** Defendant's motion to dismiss for failure to exhaust administrative remedies (Doc. 23). Plaintiff's action is therefore **DISMISSED with prejudice**. *See Robinson v. United States,* 80 Fed.Appx. 494, 500 (7th Cir. 2003), *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002), *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002), *and McCoy v. Gilbert,* 270

F.3d 503, 510 (7th Cir. 2001).  Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED: September 11, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge